17-2889-cv (L)
*Int'l Cards Co., Ltd. v. Mastercard Int'l Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand eighteen.

PRESENT:    JOSÉ A. CABRANES,
            BARRINGTON D. PARKER,
                    *Circuit Judges.*
            KIYO MATSUMOTO,
                    *District Judge.*[*]

_____

INTERNATIONAL CARDS COMPANY LTD.,

        *Plaintiff-Counter-Defendant-*
        *Appellant-Cross-Appellee,*           17-2889-cv (L)
           17-3099-cv (XAP)

        v.

MASTERCARD INTERNATIONAL INC,

_____

[*] Judge Kiyo Matsumoto, of the United States District Court for the Eastern District of New York, sitting by designation.

1

*Defendant-Counter-Claimant-Appellee-Cross-Appellant.*

---

**FOR PLAINTIFF- COUNTER-DEFENDANT-APPELLANT-CROSS-APPELLEE:**

DAMIAN CAVALERI (Frederic S. Newman, Ira J. Lipton, Miriam Manber, Jeffrey A. Miller, *on the brief*), Hoguet Newman Regal & Kenney, LLP New York, NY.

**FOR DEFENDANT-COUNTER-CLAIMANT-APPELLEE-CROSS-APPELLANT:**

JAY N. FASTOW (Denise L. Plunkett, Justin W. Lamson, Thomas F. Burke, Alexander P. Kommatas, *on the brief*), Ballard Spahr LLP, New York, NY.

Appeal from the August 31, 2018 judgment and certain orders of the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED.**

Plaintiff-Appellant International Cards Company ("ICC"), a Jordanian financial services firm, brought suit against Defendant-Appellee Mastercard International Inc. ("Mastercard"), a global financial network and credit card company, raising claims under New York state law.[1] Mastercard cross-claimed, also raising claims under state law. The District Court granted summary judgment on some claims and a jury returned verdicts with respect to the remaining claims. Both parties now appeal various adverse rulings.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*　　\*　　\*

---

[1] More precisely, ICC is the "Plaintiff-Counter-Defendant-Appellant-Cross-Appellee" and Mastercard is the "Defendant-Counterclaimant-Appellee-Cross-Appellant."

In 1999, ICC entered into an agreement with Mastercard to become a "Member" of the Mastercard network. Under the agreement, ICC issued Mastercard-branded credit cards to consumers and ensured payments to merchants throughout Jordan and the Palestinian territories. Beginning in 2010, Mastercard received numerous complaints from merchants regarding the timeliness of ICC's payments. Mastercard alerted ICC of these complaints and demanded improved performance. The complaints continued, and in 2012, Mastercard began discussions with ICC competitor Middle East Payment Services ("MEPS") about facilitating a shift in its merchant-base from ICC to MEPS.

On April 1, 2013, Mastercard "drew down" a $2.78 million letter of credit, deposited as collateral by ICC, claiming the sum was "due and payable" to Mastercard or its merchants. The next day, Mastercard sent a letter to ICC informing ICC that its membership had been terminated "as specified in Mastercard Rule 1.6.2" and citing ICC's "continued delay [of] payments to merchants."

On April 18, 2013, ICC filed suit against Mastercard pleading three state causes of action: (i) breach of contract; (ii) breach of the implied covenant of good faith and fair dealing; and (iii) conversion of the $2.78 million collateral letter of credit. Mastercard cross-claimed for breach of contract, citing ICC's failure to pay merchants on a timely basis and to provide information to Mastercard as requested. Mastercard also sought a declaratory judgment that its drawdown of ICC's letter of credit was proper.

*       *       *

Before the District Court, the parties engaged in substantial motion practice and multiple discovery disputes. Mastercard twice moved for summary judgment on all claims. On May 26, 2016, the District Court granted summary judgment to Mastercard on ICC's good faith and fair dealing claim, but denied summary judgment on all other claims. Shortly before trial, the District Court granted Mastercard leave to file an additional motion for summary judgment with respect to ICC's breach of contract claim, and on March 23, 2017, the District Court granted this motion. A jury trial was held on the remaining conversion claim and cross-claims, and a verdict was returned in favor of ICC on the conversion claim with damages of $2.78 million. The jury found for Mastercard with respect to its crossclaim for breach of contract but awarded no damages. The judgment was entered on August 31, 2017.

ICC appealed, challenging the District Court's decisions granting partial summary judgment. Mastercard cross-appealed, challenging the District Court's denial of judgment as a matter of law with respect to ICC's conversion claim. Both parties also appealed various adverse evidentiary rulings on motions *in limine*.

*       *       *

3

"We review a grant of summary judgment *de novo*, examining the evidence in the light most favorable to, and drawing all inferences in favor of, the non-movant." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 50 (2d Cir. 2018).

First, we affirm the District Court's decision granting Mastercard's motion for summary judgment on ICC's breach of contract claim. The District Court held that "the parties' contract authorized MasterCard's termination of ICC's Membership and the license agreements." Sp. App'x at 46. We agree.

ICC's appeal on this issue relies on an alternative reading of the parties' contract, in particular, Mastercard Rule 1.6.2. ICC argues that the first paragraph in this Rule is merely introductory, and that the second paragraph "sets forth an exclusive list of bases upon which MasterCard may terminate a Customer," ICC Br. at 43.

Although ICC's competing interpretation of Mastercard Rule 1.6.2 provides a useful explanation for two isolated phrases (*i.e.*, "without *prior* notice" and "*such* termination," *see* JA 1621), overall its interpretation lacks plausibility. It would be bizarre indeed for Mastercard, *in its own rules*, to severely limit its own right to terminate a relationship with a Customer, while allowing a Customer to terminate without cause. Moreover, ICC's highly restrictive interpretation of Mastercard's termination authority contradicts plain language elsewhere in the Mastercard Rules. For instance, Rule 3.1 explains:

> The Corporation reserves the right to limit, suspend or terminate Participation or Participation privileges of any Customer that does not comply with any Standard or with any decision of the Corporation with regard to the interpretation and enforcement of any Standard, or that in any respect violates any Standard or applicable law.

*Id.* at 384. This explicit reservation of termination authority is simply irreconcilable with ICC's interpretation of the parties' contract. ICC's offered interpretation is therefore unsustainable, and the grant of summary judgment on ICC's breach of contract claim was proper.

Next, we affirm the District Court's May 26, 2016 order granting Mastercard's motion for summary judgment on ICC's implied covenant-of-good-faith-and-fair-dealing claim. ICC has alleged no separate injury for this claim other than the injury already alleged in its breach of contract claim, namely, the termination of its membership in the Mastercard network: "MasterCard's breach of the covenant of good faith and fair dealing was the proximate cause of ICC's inability to continue its business with regard to MasterCard." JA 66. As we have already explained, however, Mastercard's termination of ICC's membership was authorized by the contract. And under New York law, "the covenant of good faith and fair dealing cannot be construed so broadly as effectively to nullify other express terms of a contract, or to create independent contractual rights." *Peter R. Friedman, Ltd. v. Tishman Speyer Hudson Ltd. P'ship*, 968 N.Y.S.2d 41, 42 (N.Y. App. Div. 1st Dep't 2013).

4

Finally, after reviewing *de novo* the District Court's denial of Mastercard's motion for judgment as a matter of law on ICC's conversion claim, *Chowdhury v. Worldtel Bangladesh Holding, Ltd.*, 746 F.3d 42, 48 (2d Cir. 2014), we affirm.

"Judgment as a matter of law is appropriate only if the court can conclude that, with credibility assessments made against the moving party and all inferences drawn against the moving party, a reasonable juror would have been compelled to accept the view of the moving party." *Warren v. Pataki*, 823 F.3d 125, 139 (2d Cir. 2016) (citation and internal quotation marks omitted). Here, there was ample evidence on which the jury could rely when it found Mastercard liable for conversion and awarded $2.78 million in damages. Under New York law, "conversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights." *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 403–04 (2d Cir. 2006). At trial, Mastercard's representative admitted that, in drawing down ICC's collateral letter of credit, Mastercard certified that the requested sum reflected accounts "due and payable" to Mastercard and its merchants. Mastercard further admitted that it knew of no such accounts when it made this certification. A reasonable juror could therefore have found (as indeed this jury did find) that Mastercard's draw-down represented an unauthorized exercise of control over the funds.

In light of our holdings above, we need not reach the remaining issues raised by the parties on appeal.[2]

## CONCLUSION

We have reviewed the arguments raised by the parties and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 31, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Reversal of any of the appealed orders would have no effect: inclusion of the license agreement's "notice and cure" provisions would have no effect because summary judgment on ICC's breach claim relied exclusively on the Mastercard Rules. Similarly, consideration of Mastercard's Merchant Satisfaction Survey and evidence about Alami Family Receivables, or exclusion of Khalil Alami's deposition and ICC's damages experts' testimony, would have no effect because Mastercard has already succeeded on both parties' claims for breach of contract.